UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEX B. K. K., | Civil Action No. 21-9187 (SDW) |
| Petitioner, | |
| v. | OPINION |
| MICHAEL M. RUSSO, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the amended petition for a writ of habeas corpus of Petitioner Alex B. K. K.. (ECF No. 3). Following an order to answer, the Government filed a response to the petition (ECF No. 6). Petitioner thereafter filed a reply. (ECF No. 7). For the following reasons, Petitioner's amended habeas petition is denied without prejudice.

**I. BACKGROUND**

Petitioner is a native and citizen of Sierra Leone who initially entered the United States as a refugee in 2001. (Document No. 1 attached to ECF No. 6 at 5). He became a lawful permanent resident in 2004. (*Id.*). In July 2018, Petitioner was convicted of both criminal sexual contact and endangering the welfare of a child through sexual contact in the Superior Court of New Jersey. (*Id.*). Following his release from prison, Petitioner was taken into immigration custody and placed in removal proceedings in December 2019. (*Id.* at 5-10). In July 2020, Petitioner was ordered removed by an immigration judge. (Document No. 3 attached to ECF No. 6). He appealed, but the BIA affirmed the removal order and dismissed his appeal in January 2021. (Document 4 attached to ECF No. 6). Petitioner thereafter filed a petition for review and a motion for a stay of

1

removal, which was temporarily granted pursuant to the Third Circuit's standing order on January 22, 2021. (Document 5 attached to ECF No. 6). On April 29, 2021, however, a motions panel of the Third Circuit vacated the temporary stay and denied Petitioner's motion seeking a stay of removal on the merits. (Document 6 attached to ECF No. 6). Petitioner's petition for review remains pending at this time.

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B.  Analysis

In his habeas petition, Petitioner argues that his immigration detention has become unduly prolonged and that he should therefore be entitled to either bond or release from detention. As Petitioner has received a final order of removal and been denied a stay of removal on the merits, Petitioner is now detained pursuant to 8 U.S.C. § 1231(a), the statute which governs post-final

order of removal detention. S*ee* 8 U.S.C. § 1231(a)(1)(B)(ii); *Leslie v. Attorney General of the United States*, 678 F.3d 265, 268-70 (3d Cir. 2012).  As Petitioner is now held under that statute, any challenge to his previous period of detention under 8 U.S.C. § 1226(c) is moot.  *See, e.g., Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (entry of final order of removal in the form of dismissal of appeal by the BIA renders challenges to pre-final order detention under § 1226 moot).

Petitioner's claim of prolonged detention must therefore be evaluated under the rubric applicable to post-final order of removal detention under § 1231(a).  Because Petitioner is detained under § 1231(a), the propriety of his current period of detention is controlled by the Supreme Court's decision in *Zadvydas* and the Third Circuit's decision in *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F3.d 208, 225-26 (3d Cir. 2018).    As the Supreme Court has explained,

> Under [§ 1231(a)], when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, 8 U.S.C. § 1231(a)(1)(A), and the alien must be detained during that period, § 1231(a)(2).  After that time elapses, however, § 1231(a)(6) provides only that aliens "*may* be detained" while efforts to complete removal continue.  (Emphasis added).
>
> In *Zadvydas*, the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond "a period reasonably necessary to secure removal," [533 U.S. at 699,] and it further held that six months is a presumptively reasonable period, *id.* [at 701.]  After that, the Court concluded, if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Ibid.*

*Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 843 (2018).

Pursuant to *Zadvydas*, any challenge to § 1231(a) detention by an alien who has been detained pursuant to § 1231(a) for less than six months must be dismissed as premature.  *Id.*; *Zadvydas*, 533 U.S. at 701.  Although the Third Circuit has provided an alternative avenue for relief in the form of a bond hearing for those aliens whose detention under § 1231(a) has become

3

prolonged, the Third Circuit, too, has recognized that such challenges may not be brought until the alien has been held under § 1231(a) for at least six months. *See Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F3.d 208, 225-26 (3d Cir. 2018). *Zadvydas* and *Guerrero-Sanchez* thus make it abundantly clear that an alien detained pursuant to § 1231(a) *must* be detained during the statutory ninety-day removal period and that he may not thereafter challenge his detention under § 1231(a) until he has been detained under the statute for at least six months.

In this matter, Petitioner has been detained under § 1231(a) since April 29, 2021. His six month presumptively reasonable period of detention will therefore not expire until October 29, 2021. As Petitioner is therefore clearly still within the presumptively reasonable period, any claim of prolonged detention under § 1231(a) is premature at this time and must be denied as such. *Guerrero-Sanchez*, 905 F.3d at 225-26. Petitioner's amended habeas petition is therefore denied without prejudice as premature.

### III. CONCLUSION

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 3) is **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

Dated: October 8, 2021

*s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge